**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| OCTAVIAN V. CARARE )<br>7319 Hanover Parkway )<br>Greenbelt, MD 20770 )<br>    Plaintiff )<br>)<br>    vs. )<br>)<br>PARAMOUNT RECOVERY SYSTEMS )<br>111 E. Center Street )<br>Lorena, Texas 76655 )<br>    Defendant )<br>) | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. This is an action brought by a consumer in response to the Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., which prohibits debt collectors from engaging in deceptive and unconscionable debt collection practices.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, §1367 and the FDCPA, 15 U.S.C. §1692. Venue in this District is proper in that Paramount Recovery Systems transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff Octavian V. Carare is a natural person and is a "consumer" as defined by the FDCPA.

4. Defendant Paramount Recovery Systems (hereafter, "Paramount," or "the Defendant") is a foreign corporation which regularly conducts business in Virginia. The Defendant's principal business purpose is the collection of debts.

5. The Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6. Plaintiff was an obligor on a medical account originally owed to Day Surgery Center in Plano, Texas.  He paid each bill to the provider as it came due.

7. Upon information and belief, and despite that Plaintiff never received a bill for the same, the provider thereafter sold a small outstanding balance to Defendant Paramount Recovery Systems, Inc., and Paramount began engaging in collection activity on the debt.

8. On or about August, 2007, Plaintiff became aware that the Defendant was claiming that he owed $86.40 on the account.

9. While Plaintiff had no such recollection of owing an outstanding balance to Day Surgery Center, he nonetheless contacted the Defendant and immediately and without question remitted payment in full on his credit card.

10. The Defendant accepted and processed Plaintiff's credit card payment in the amount of $86.40 on or about August 23.

11. On or about January, 2008, Plaintiff received a voice message from the Defendant claiming that he was still obligated on the debt.  Plaintiff called the Defendant, disputed the debt and spoke with an employee of the Defendant who was unable to locate any information or account history regarding the Plaintiff using his social security number.  The Defendant's employee informed the Plaintiff that this call was a mistake, since Plaintiff had remitted payment in full nearly five months prior.

12.     In April of 2008, Plaintiff obtained his consumer credit reports, and discovered that the Defendant had now reported a $201 past due balance on this account and had updated the account the month before and without any notation that the debt was either paid or disputed. The Defendant has never provided the Plaintiff with any explanation as to how or why this new fictitious balance was incurred or is owed.

### FIRST CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e

13.     Plaintiff reincorporates the allegations set forth in paragraphs 1-12 above as if fully set out herein.

14.     The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e by its actions which include, but are not limited to, its use of false, deceptive, and misleading representations in its attempts to collect on the alleged debt.

15.     As a result of the actions taken by the Defendant, which include but are not limited to its violations of the law in its false representations and other violations set forth herein, Plaintiff has experienced a diminished credit score, emotional distress, anger, humiliation, and other economic and non-economic damages.

### SECOND CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

16.     Plaintiff reincorporates the allegations set forth in paragraphs 1-15 above as if fully set out herein.

17.     The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2) by its actions which include, but are not limited to, the false representations made by the Defendant concerning the amount of the debt during its publications to the credit reporting agencies and communications with Plaintiff.

18.     As a result of the actions taken by the Defendant, which include but are not limited to its violations of the law in its false representations and other violations set forth herein, Plaintiff has experienced a diminished credit score, emotional distress, anger, humiliation, and other economic and non-economic damages.

## THIRD CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(8)

19.     Plaintiff reincorporates the allegations set forth in paragraphs 1-18 above as if fully set out herein.

20.     The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(8) by its actions which include, but are not limited to, the representations made by the Defendant during its communications of credit information which was known or which should have been known to be false.

21.     As a result of the actions taken by the Defendant, which include but are not limited to its violations of the law in its false representations and other violations set forth herein, Plaintiff has experienced a diminished credit score, emotional distress, anger, humiliation, and other economic and non-economic damages.

## FOURTH CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

22.     Plaintiff reincorporates the allegations set forth in paragraphs 1-21 above as if fully set out herein.

23.     The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) by its actions which include, but are not limited to, the representations made by the Defendant during its use of false and deceptive means in connection with the collection of the debt and obtaining information about the Plaintiff.

24. As a result of the actions taken by the Defendant, which include but are not limited to its violations of the law in its false representations and other violations set forth herein, Plaintiff has experienced a diminished credit score, emotional distress, anger, humiliation, and other economic and non-economic damages.

## FIFTH CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

25. Plaintiff reincorporates the allegations set forth in paragraphs 1-24 above as if fully set out herein.

26. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by its actions which include, but are not limited to, it use of unfair and unconscionable means to collect or attempt to collect a debt.

27. As a result of the actions taken by the Defendant, which include but are not limited to its violations of the law in its false representations and other violations set forth herein, Plaintiff has experienced a diminished credit score, emotional distress, anger, humiliation, and other economic and non-economic damages.

## SIXTH CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

28. Plaintiff reincorporates the allegations set forth in paragraphs 1-27 above as if fully set out herein.

29. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1) by its actions which include, but are not limited to, its attempts to collect an amount which was not authorized by the agreement creating the debt or permitted by law.

30. As a result of the actions taken by the Defendant, which include but are not limited to its violations of the law in its false representations and other violations set forth herein,

Plaintiff has experienced a diminished credit score, emotional distress, anger, humiliation, and other economic and non-economic damages.

## SEVENTH CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g

31. Plaintiff reincorporates the allegations set forth in paragraphs 1-30 above as if fully set out herein.

32. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g by its actions which include, but are not limited to, its failure to send the required written notice following its initial communication with the Plaintiff in connection with the collection of the debt.

33. As a result of the actions taken by the Defendant, which include but are not limited to its violations of the law in its false representations and other violations set forth herein, Plaintiff has experienced a diminished credit score, emotional distress, anger, humiliation, and other economic and non-economic damages.

## EIGHTH CLAIM FOR RELIEF - DEFAMATION

34. Plaintiff reincorporates the allegations set forth in paragraphs 1-33 above as if fully set out herein.

35. Paramount published the false representation to one or more credit reporting agencies that Plaintiff was obligated on an account, and on multiple occasions, through the credit reporting agencies, to all of Plaintiff's potential lenders, including but not limited to:

    a) Each date on which Paramount sent information concerning the inaccurate tradelines to the credit reporting agencies, which, upon information and belief, is believed to have occurred monthly; and

    b) Each date on which Paramount published the defamations through the credit reporting agencies to third parties. These statements shall be referred to herein simply as "the defamations."

  36. The defamations were made with legal malice and a wilful intent to injure the Plaintiff by placing derogatory information on his credit reports in an illegal and unconscionable attempt to elicit and extort payment from the Plaintiff. Paramount had reason to know by virtue of information communicated directly to it by Plaintiff that Plaintiff was not obligated further on any account. Further, Paramount wilfully adopted procedures which wholly ignored the demands of Plaintiff, and other consumers generally, that inaccurate information should be removed from their credit files.

  37. As a result of Paramount's conduct, actions, and inaction, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of credit potential opportunities, the loss of time and other frustration and aggravation associated with writing multiple dispute letters, tracking the status of his disputes and monitoring his credit file, and the time spent in litigation.

  38. The defamations were malicious, wilful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff, so as to justify an award of punitive damages against Paramount in an amount to be determined by the Court.

  39. The Plaintiff is entitled to recover actual damages, punitive damages, and costs from Paramount in an amount to be determined by the Court.

  WHEREFORE, Plaintiff demands judgment for actual, compensatory, statutory, and punitive damages against the Defendant; for his attorney's fees and costs; for pre-judgment and

post-judgment interest at the legal rate, for injunctive and declaratory relief, and such other relief the Court does deem just, equitable, and proper.

    **TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,

*Sonya Smith-Valentine*

Sonya A. Smith-Valentine, Esq.
Bar No. 27079
Valentine Legal Group, LLC
7319 Hanover Parkway, Suite C
Greenbelt, MD 20770
sonya@valentinelegal.com
Tel:  (301) 513-9500
Fax:  (866) 301-9155
Attorney for Plaintiff